IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

**FILED**
SEP 18 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

SPIRAL INDUSTRY, INC. )
    Plaintiff )
)
vs. ) CV NO. 97-HM-0112-NW
)
NEW YORK LIFE INSURANCE COMPANY )
)
    Defendant )

**ENTERED**
SEP 18 1997

## MEMORANDUM OF DECISION

The above entitled civil action is before the Court upon Plaintiff's Motion to Remand. For the reasons hereinafter stated, this Court finds and holds that the above entitled civil action is due to be remanded to the Circuit Court of Franklin County, Alabama from whence it was removed.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 1996 Plaintiff Spiral Industry, Inc. [hereinafter "Spiral Industry"] filed its Complaint in the Circuit Court of Franklin County, Alabama, against Defendant New York Life Insurance Company [hereinafter "New York Life"]. Plaintiff's Complaint alleges claims for unspecified total damages. Plaintiff Spiral Industry seeks both compensatory and punitive damages, plus interests and costs, due to Defendant New York Life's alleged fraudulent, excessive billing of life insurance premiums due from employees of Plaintiff. Specifically, Plaintiff's Complaint demands judgment for compensatory damages in the amount of Four Thousand Four Hundred Fifty-Six and 73/100 Dollars ($4,456.73) plus an



unspecified amount of punitive damages. Defendant was served with a copy of the Complaint by certified mail on December 16, 1996.

On January 14, 1997 Defendant timely filed a Notice of Removal predicated on 28 U.S.C. § 1332(a)(1) [diversity of citizenship and amount in controversy]. In its Notice of Removal, Defendant alleges that Plaintiff Spiral Industry is a corporation organized under the laws of the State of Alabama with its principal place of business in Franklin County, Alabama and that Defendant New York Life is a mutual life insurance company organized under the laws of the State of New York with its principal place of business in New York, New York. On January 28, 1997 Plaintiff filed its Motion to Remand contending that Defendant New York Life had failed to meet its burden of establishing that the amount in controversy does not exceed the sum of fifty thousand dollars.

### GENERAL PRINCIPLES OF LAW IN RE REMOVAL

[1] A defendant seeking removal has the burden of demonstrating that the federal district court has jurisdiction. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

[2] The removal statutes are interpreted strictly with remand being favored when removal jurisdiction is in doubt. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[3] Federal courts are courts of limited jurisdiction.

[4] While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th

Cir. 1994), and cases therein cited on p. 1095, left column thereof, in support of this proposition.

[5] Defendant's right to remove and plaintiff's right to choose his own forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount. **Removal statutes are construed narrowly.**

**[6] Where plaintiff and defendant clash about jurisdiction [in a removal context] uncertainties are resolved in favor of remand.** *Burns v. Windsor Ins. Co.,* supra, at p. 1095.
**Court Note: This federal district court is entitled to *sua sponte* clash with either party litigant about jurisdiction if the existing circumstances so dictate.**

[7] The statute conferring diversity jurisdiction, 28 U.S.C. § 1332(a)(1), is to be strictly construed. *City of Indianapolis v. Chase Manhattan Bank,* 314 U.S. 63, 76 (1941).

[8] Because removal is only permissible when plaintiff's claim could have been filed in federal court, we must look to plaintiff's claim to determine whether the removal was appropriate.

[9] It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed. In Re *Carter*, 618 F.2d 1093, 1001 (5th Cir. 1980) (binding precedent in 11th Circuit).

3

[10] <u>Jurisdiction depends on the situation at the time of removal</u>. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 1293 (1938).

[11] Jurisdiction absent jurisdictional amounts cannot be established by waiver or consent. *Crenshaw v. Great Central Insurance Co.*, 482 F.2d 1255, 1259 (8th Cir. 1973).

[12] Subject matter jurisdiction can never be waived or conferred by consent of the parties. *Latin American Property & Cas. Co. v. High Lift Marina*, 887 F.2d 1477, 1479 (11th Cir. 1989), citing *Insurance Corp. of Ireland v. Champagnie Des Besets de Guinea*, 456 U.S. 694, 702 (1982).

[13] Subject matter jurisdiction cannot be conferred upon the courts by the actions of the parties and principles of estoppel and waiver do not apply. *Richardson v. U.S.*, 943 F.2d 1007, 1113 (9th Cir.), cert denied, 112 S.Ct. 1473.

[14] If the asserted ground for remand is the federal court's lack of subject matter jurisdiction, the concepts of equity, waiver and estoppel are inapplicable. In Re *Carter*, 18 F.2d 1093, 1101 (5th Cir. 1980) (binding precedent in Eleventh Circuit), citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

[15] The subject matter jurisdiction of federal courts is limited by the Constitution and the Congress and cannot be expanded by judicial interpretation or by the acts of consent of the parties to a case. *American Fire & Casualty Co. v. Finn*, 341 U.S. at 17-18 (1951).

4

*DISCUSSION*

### I. *AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332*

The recent case of *Tapscott vs. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) squarely holds: [1] the removing defendants have the burden of proving the existence of federal jurisdiction; [2] the removing defendants' ability to remove this state case to this federal district court is not unfettered; [3] the proper balance between plaintiff's right to choose his forum and defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by the preponderance of evidence standard when the amount of the damages claimed by a plaintiff is unspecified; [4] diversity jurisdiction requires complete diversity, with every plaintiff diverse from every defendant; [5] the removability of the case should be determined according to plaintiff's pleading at the time of filing of the notice of removal; and [6] where plaintiff has made unspecified demand for damages in state court, the removing defendants must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement.

In ¶ 13 of its Notice of Removal, Defendant New York Life stated, "Contemporaneously with the removal of this action, New York Life has filed and served discovery requests directed to this issue." On January 29, 1997 counsel of record for Defendant's new York Life, John M. Bolus, telephonically informed Ms. Sara Creed, Senior Law Clerk for this HM judge, that he had served requests for production upon Plaintiff at the time of the removal notice in an

5

attempt to establish that the amount in controversy in this civil action exceeded $50,000.00. Attorney Bolus stated that he interpreted Northern District of Alabama Local Rule 26(c)(1)(C) as allowing parties to proceed with discovery prior to the required meeting of the parties [as mandated by Fed.R.Civ.P. 26(f) and Local Rule 26(d)]. On January 30, 1997 this Court issued an Order informing the party litigants of its interpretation of Local Rule 26(c)(1)(C). The January 30, 1997 Order states:

> "that Local Rule 26(c)(1)(C) reads in pertinent part . . . [f]ormal discovery under Fed.R.Civ.P. 30, 31, 33 and 36 may not be commenced before the meeting of the parties under Fed.R.Civ.P. 26(f) except in the following cases: ' . . . (C) cases in which discovery is needed to resolve a preliminary motion such as an objection to personal jurisdiction or venue . . ..' This Court does not interpret Local Rule 26(c)(1)(C) to allow discovery in this action post-removal before the Rule 26(f) meeting of the parties. This Court hereby STRIKES any post-removal discovery requests which Defendant has formally made of the Plaintiff prior written authorization of this Court by order duly entered."

On February 5, 1997 Defendant New York Life Insurance filed a Motion for Leave to Serve Discovery Directed to Amount in Controversy based on its need to meet its burden of showing by a preponderance of the evidence that the amount sought by Plaintiff in the instant action more likely than not exceeds $50,000.00, thus satisfying the amount in controversy requirement of 28 U.S.C. §§ 1332 and 1441 and of the Eleventh Circuit case of *Tapscott*. On February 14, 1997 Defendant submitted its Brief in Opposition to Plaintiff's Motion to Remand.

In support of its Motion for Leave to Serve Discovery, Defendant cites the case of *Robinson v. G.E. Capital Mortgage*

6

SEP-18-1997 09:53    US DIST CT FLORENCE              205 764 5836    P.10/13

*Services, Inc.*, 945 F. Supp. 1516, 1518 (M.D. Ala. 1996)(Albritton, J.). In *Robinson*, the plaintiff filed suit in the Circuit Court of Montgomery County, Alabama. The Defendants in *Robinson* served the plaintiff with requests for admissions and the plaintiff responded by serving the defendants with his response to the requests for admissions. Subsequently, Defendants filed their Notice of Removal alleging that the plaintiff's response to request for admissions was the first paper received by the defendants from which it could be ascertained that the case was one in which the amount exceeded $50,000.00 and which was, therefore, removable. Although the *Robinson* case does not mention whether the Middle District of Alabama has a local rule similar to the Northern District of Alabama's Local Rule 26(c)(1)(C) forbidding discovery before the planning meeting of the parties except in certain circumstances, this Court's research reveals that the Middle District of Alabama has no similar rule in effect at this time and is therefore distinguishable from the instant case.

Thus, this Court holds and finds that the Middle District of Alabama case of *Robinson* is not persuasive or binding opinion on this Northern District of Alabama's instant case and declines to overrule its earlier holding that the Court does not interpret Local Rule 26(c)(1)(C) to allow discovery in this action post-removal before the Rule 26(f) meeting of the parties. The Court therefore hereby finds that Defendant's Motion for Leave to Serve Discovery is due to be denied.

Defendant further argues that removal in this case is proper because a defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. *Tapscott*, 77 F.3d at 1357. Defendant contends that Plaintiff's Complaint meets this standard because its Complaint demands judgment for compensatory damages in the amount of $4,456.73 "plus an unrestricted sum for punitive damages."

Contemporaneously with filing its Brief in Opposition to Motion to Remand, Defendant submitted a listing of Alabama jury awards on fraud cases brought against insurance companies which exceeded $50,000.00. However, the removing Defendant in large measure relies upon the statement in *Tapscott* that the defendant need show only that *"the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement"* without identifying any specific factual allegation or provisions in Plaintiff's Complaint which might support that proposition, nor providing this Court with any independent underlying factual basis from which the removing Defendant actually drew this conclusion. This sort of conclusory allegation of the jurisdictional amount in a notice of removal, bereft of meaningful fact, most often provokes remand as is the Court's statutory duty under 28 U.S.C. 1447(c):

> **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.**

About the only time that a removing defendant can merely cite the *Tapscott* standard that the defendant need show only that "the amount in controversy more likely than not exceeds the $50,000

8

jurisdictional requirement" is when a plaintiff's complaint has all of the recognizable ear marks of a "high roller" case, *moneywise*, which the district court most often can readily recognize. Unfortunately, for those defendants who frequently use and utilize this phrase, unaccompanied by allegations of significant and meaningful fact, it is a one-way street back to state court, via a remand order.

## II. *ANALYSIS OF PLAINTIFF'S FRAUD CLAIM*

Plaintiff's state court Complaint in this case, predicated essentially upon Defendant's allegedly fraudulent, excessive billing of life insurance premiums due from employees to Plaintiff consists mostly of legal conclusions and very few relevant and material facts which could be helpful to the Court in its independent evaluation of the amount in controversy issue. The claim in all probability could not survive a Rule 12(b)(6) motion to dismiss ["failure to state a claim upon which relief can be granted"] or a Rule 9(b) attack ["In all averments of fraud . . . the circumstances constituting fraud . . shall be stated with particularity"]. Moreover, while this Plaintiff prays for punitive damages, this Plaintiff has the burden of proving his entitlement to punitive damages by clear and convincing evidence [Ala. Code § 6-11-20] and must persuade a jury to unanimously award his punitive damages <u>in its discretion</u>. Finally, Plaintiff has not seen fit to plead his reliance upon the purported fraudulently representations.

In short, this Alabama fraud case simply does not possess the characteristics of a high roller case, moneywise. And for the

SEP-18-1993 09:54    US DIST CT FLORENCE    205 764 5836    P.12/13
Case 3:97-cv-00112-EBH   Document 8   Filed 09/18/97   Page 10 of 10

reasons hereinabove stated, this Court, after conducting an independent evaluation of the 28 U.S.C. 1332(a) amount in controversy in the above-entitled civil action holds that the 28 U.S.C. § 1332(a) amount in controversy here is **far less than the sum or value of $50,000.**

### CONCLUSION

This case is due to be remanded to the state court from whence it was removed for lack of diversity subject matter jurisdiction. An appropriate remand order will be entered contemporaneously with the entry of record of this Memorandum Opinion.

DONE and ORDERED this _17th_ day of September, 1997.

*[signature]*

E. B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

FLORENCE, ALABAMA ADDRESS:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL  35630
Telephone: 205/760-8415

10

SEP-18-1997 10:01       205 764 5836       98%       P.12